UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WALTER HARRELL, et al.,<br><br>Defendants. | Case No. 17-cv-04980-JST<br><br>**ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") initially brought this action for unlawful detainer on June 5, 2017 in San Mateo County Superior Court. ECF No. 1 at 8. Plaintiff filed its complaint as a "limited civil case" seeking less than $10,000 in damages. Id. On August 28, 2017, Defendant Walter Harrell removed the action to this court claiming federal subject matter jurisdiction. Id. at 1-2. Defendant relies on the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601-2610 to support this assertion. Id. at 2-3. He states in his notice of removal that this court has "jurisdiction under 28 U.S.C. § 1331 pursuant to 12 U.S.C. § 2605.13." Id. at 2.

Federal courts may only hear actions over which they possess subject-matter jurisdiction. See Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012). Generally, the existence of jurisdiction may be premised on either diversity of the parties or a federal question. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

Federal question jurisdiction is limited by the well-pleaded complaint rule, which requires that the basis for federal jurisdiction appear on the face of the properly pleaded complaint, either

because the complaint directly raises an issue of federal law, or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (citation omitted). Federal question jurisdiction may also be proper when the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd., 463 U.S. at 13.

Here, the complaint is based on California Code of Civil Procedure Section 1161a and brings no federal cause of action. Id. at 8. Defendant's reference to the RESPA in his notice of removal appears to be a statement of potential defense to Plaintiff's claim. Id. at 2. A federal defense does not, however, create federal question jurisdiction. See Caterpillar, 482 U.S. at 393. As for diversity jurisdiction, nowhere in the notice of the removal does Defendant allege that the parties are diverse in citizenship or that the amount in controversy requirement is satisfied.

"[F]ederal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). "[T]he party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

Therefore, Defendant is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. Defendant is ordered to file a written response no later than fourteen days from the date of this order. Plaintiff may, but is not required to, file any response to this order by that same date. If the Defendant fails to respond as ordered, or if the Defendant's response fails to establish the existence federal jurisdiction, the Court will remand this case to the San Mateo Superior Court.

The Court encourages Defendant to seek the assistance of the Legal Help Center. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and in Oakland at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California.

Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at (415) 782-8982. Defendant may also wish to consult the Northern District of California manual, Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

IT IS SO ORDERED.

Dated: September 8, 2017

JON S. TIGAR
United States District Judge